FILED
2006 Mar-24  PM 12:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN   DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                                                 **CR 05-PT-61-S**

**JEWELL C. "CHRIS" McNAIR
GRADY R. "ROLAND" PUGH
JOSEPH E. "EDDIE" YESSICK
ROLAND PUGH CONSTRUCTION, INC.
BOBBY J. RAST
DANIEL B. "DANNY" RAST,
RAST CONSTRUCTION, INC.
FLOYD W. "PAT" DOUGHERTY
F. W. DOUGHERTY ENGINEERING
& ASSOCIATES, INC.**

   **Defendants**

**MEMORANDUM OPINION
AND
ORDER**

   This cause comes on to be heard on Supplemental Objection of Defendants Bobby J. Rast

and Danny B. Rast and Rast Construction, Inc., to Government's Notice(s) of Intent to Use

Evidence of "Other Crimes, Wrongs, or Acts Pursuant to Rule 404(b) (Doc. # 567) and Amended

Supplemental Objection of Defendants Bobby J. Rast and Danny B. Rast and Rast Construction,

Inc., to Government's Notice(s) of Intent to Use Evidence of "Other Crimes, Wrongs, or Acts

Pursuant to Rule 404(b) (Doc. #568) filed on March 16, 2006.

   The court starts with the statement of the Rast defendants that, "Defendants contend that

any gifts made or services rendered were done out of friendship with no intent to influence or

reward."  Thus, the issue of intent is directly at issue.  While the jury might conceivably find that

the defendant felt such a strong sense of friendship with McNair that they would give him substantial gifts or make him substantial loans, the fact that they gave alleged "gifts" or made "loans" to others involved with the same or similar projects would certainly be relevant to the issues of "motive" and "intent." It could also bear on "plan." The argument that the evidence is intertwined may also be a reasonable one, particularly if the contracts overlap. If the projects are the same or similar, they may well be part of the same "series of transactions." Widespread munificence with regard to the same or similar projects could raise a reasonable question as to the true intent.

The defendants have referred to the weakness of the Government's case. There are Eleventh Circuit cases which hold that the weakness of the Government case has a bearing on the admissibility of 404(b) evidence.

The defendants note that Magistrate Judge Putnam has stated in his Report and Recommendation dated February 17, 2006, "There are scores, if not hundreds, of ways that a county official can favor a contractor ranging from outright awarding of contracts to more subtle favors .... ." This would suggest overlapping of intent and motive and plan.

The court concludes that such evidence would have probative value that is not substantially outweighed by its undue prejudice. Again, what might arguably be a "gift" to one person becomes less likely a gift if the "gifts" are widespread to others involved with the same or similar projects. It could reasonably be considered evidence of a common scheme.[1] The evidence could be relevant to the conspiracy and substantive offenses charged in this segment of the case even if also relevant to a separate conspiracy not charged, as such, in this segment of the case.

---

[1]The court notes that § 666 itself refers to a "business" and also to a "series of transactions."

This case is distinguishable from the cases of *Mills, Marshall, Utter*, etc. where the events and circumstances were clearly separate and not so clearly related to intent, motive, etc.  The court will make clear that such instances are not charged as separate offenses in the indictment. The motion is **DENIED** as to the evidence related to the above-named moving defendants as to the alleged offenses relating to those defendants.[2]

**DONE** and **ORDERED** this the 24th day of March, 2006.

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[2]The court has applied its discretion.  The Government may wish to reconsider because the decision may not, of course, be final after review.  This opinion will be referred to and adopted with respect to other defendants.